UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-21753-MC-WILLIAMS/TORRES

INDEPENDENT BANK
OF WEST MICHIGAN,

        Plaintiff,

v.

GAYLE C. DEVECHT,

        Defendant.

_____/

## ORDER ON LAND HOLDINGS'S MOTION TO COMPEL DISCOVERY

This matter is before the Court on Land Holdings LLC's ("Land Holdings") motion to compel against Gayle C. Devecht ("Defendant"). [D.E. 22]. Defendant responded to Land Holdings's motion on April 24, 2020 [D.E. 25] to which Land Holdings did not reply and the time to do so has passed. Therefore, Land Holdings's motion is now ripe for disposition. After careful consideration of the motion, response, relevant authority, and for the reasons discussed below, Land Holdings's motion to compel is **DENIED**.

## I.  BACKGROUND

On October 26, 2012, the United States District Court for the Western District of Michigan entered a final judgment against Defendant in favor of Independent Bank of West Michigan ("Plaintiff"), a foreign banking corporation for $316,693.14. [D.E. 1].  Plaintiff then registered the judgment in the Southern District of Florida on May 16, 2013.  At the time Plaintiff registered the judgment, Defendant owned three non-homestead properties within the State of Florida: (1) 726 Arthur Godfrey Road in Miami Beach, Florida 33140, (2) 333 Alcazar Avenue in Coral Gables, Florida 33134, and (3) 3800 NW 2nd Avenue in Miami, Florida 33127.

Approximately 10 months after Plaintiff registered the judgment[1], Land Holdings claims that Defendant intentionally formed three limited liability companies with her son, Scott DeVecht ("Mr. DeVecht"), to hide assets.  More specifically, Land Holdings alleges that, on April 17, 2013, Defendant transferred her three properties out of her individual name to the three shell companies with no consideration in return.  The shell companies then purportedly sold the three properties for approximately $2.7 million dollars.  Land Holdings suspects that Defendant fraudulently sold her properties via her shell companies so that Land Holdings could not recover any of Defendant's assets in satisfying the underlying judgment.  Therefore, Land Holdings concludes that Defendant's actions constitute fraud under Florida law.

---

[1]   On August 15, 2017, Plaintiff assigned all of its rights in the judgment to Land Holdings – a Michigan limited liability company.

## II.     APPLICABLE PRINCIPLES AND LAW

Under the Federal Rules, a party may pose interrogatories related to any matter into which Rule 26(b) allows inquiry, Fed. R. Civ. P. 33(a)(2), request the production of any documents that fall within the scope of Rule 26(b), Fed. R. Civ. P. 34(a), and serve requests to admit certain matters within the scope of Rule 26(b)(1), FED. R. CIV. P. 36(a)(1).  Rule 26(b) also allows discovery "through increased reliance on the commonsense concept of proportionality." *In re: Takata Airbag Prod. Liab. Litig.*, 2016 WL 1460143, at *2 (S.D. Fla. Mar. 1, 2016) (quoting Chief Justice John Roberts, *2015 Year–End Report on the Federal Judiciary 6* (2015)). "Proportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case." *Tiger v. Dynamic Sports Nutrition, LLC*, 2016 WL 1408098, at *2 (M.D. Fla. Apr. 11, 2016).  If the opposing party objects to interrogatories or requests, the requesting party may then file a motion to compel production pursuant to Fed. R. Civ. P. 37, but only after its counsel, in good faith, confers with opposing counsel to resolve discovery disputes without court intervention.  *See* Fed. R. Civ. P. 37(a)(1).

The Federal Rules afford the Court broad authority to control the scope of discovery, *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011), but "strongly favors full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.3d 1545, 1547 (11th Cir. 1985).  Courts must consequently employ a liberal and broad scope of discovery in keeping with the spirit and purpose of these rules.  *See Rosenbaum v. Becker & Poliakoff, P.A.,* 708 F.

Supp. 2d 1304, 1306 (S.D. Fla. 2010) (collecting cases). The "overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information, so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *State Nat'l Ins. Co. v. City of Destin*, 2015 WL 11109379, at *1 (N.D. Fla. Sept. 1, 2015).

However, while the scope of discovery is broad, it is not without limits. *See Washington v. Brown & Williamson Tobacco*, 959 F. 2d 1566, 1570 (11th Cir. 1992); *Rossbach v. Rundle,* 128 F. Supp. 2d 1348 (S.D. Fla. 2000) (citing *Oppenheimer Fund v. Sanders*, 437 U.S. 340 (1978)). To show that the requested discovery is otherwise objectionable, the onus is on the objecting party to demonstrate with specificity how the objected-to request is unreasonable or otherwise unduly burdensome. *See Rossbach*, 128 F. Supp. 3d at 1354 (citing in part *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985)).

Boilerplate objections and generalized responses are improper. *See Alhassid v. Bank of America*, 2015 WL 1120273, at *2 (S.D. Fla. March 12, 2015). This District has frequently held that objections which fail to sufficiently specify the grounds on which they are based are improper and without merit. *See, e.g., Taylor v. Bradshaw,* 2014 WL 6459978 (S.D. Fla. Nov. 14, 2014); *Abdin v. Am. Sec. Ins. Co.*, 2010 WL 1257702 (S.D. Fla. March 29, 2010). More specifically, objections simply stating that a request is "overly broad, or unduly burdensome" are

4

meaningless and without merit. *Abdin*, 2010 WL 1257702 at *1 (quoting *Guzman* v. *Irmadan, Inc.*, 249 F.R.D. 399, 400 (S.D. Fla. 2008)).

In addition to the Federal Rules, Southern District Local Rule 26.1 controls the necessary procedure a party must follow when objecting to a request for production or asserting a claim of privilege. It requires that:

> All motions related to discovery, including . . . motions to compel discovery . . . shall be filed within thirty (30) days of the occurrence of grounds for the motion. Failure to file a discovery motion within thirty (30) days, absent a showing of reasonable cause for a later filing, *may* constitute a waiver of the relief.

S.D. Fla. L.R. 26.1(i)(1) (emphasis added). On its face, Rule 26.1(i) is therefore plainly discretionary. While the "occurrence" of grounds for a motion tends to be the moment at which responses are filed, this is not always necessarily the case. *See, e.g.*, *Socas v. Northwestern Mut. Life Ins.*, 2008 WL 619322 (S.D. Fla. March 4, 2008) (finding that the "occurrence" triggering the motion to compel was when the requesting party examined certain documents months after their initial requests had been answered); *United States v. Polo Pointe Way, Delray Beach, Fl.*, 444 F. Supp. 2d 1258, 1261 (S.D. Fla. 2006) (finding that the "occurrence" at issue was a deposition that took place after responses were filed).

### III.   ANALYSIS

Land Holdings's motion seeks to compel Defendant to provide better responses to its discovery requests and to award attorneys' fees under Fed. R. Civ. P. 37. This includes several interrogatories – specifically nos. 4-6, 9-13, 17, 20-23, and 25 – and requests 1 and 4 in Land Holdings's first request for production.

5

Defendant claims that the discovery disputes are much narrower than presented because Defendant served amended responses and objections on April 24, 2020 after a telephonic meet and confer that took place one week earlier.  In other words, after Land Holdings filed its motion to compel, the parties reached an agreement on almost all the discovery disputes with the exception of interrogatories 5 and 13, and request 4.  Land Holdings also did not file a reply indicating whether the amended responses were inadequate or if they violated the Federal Rules.  Because Land Holdings is in possession of amended responses and has not shown otherwise that there is anything left for the Court to consider with respect to these discovery disputes, Land Holdings's motion to compel – except for interrogatories 5 and 13 and request 4 – is **DENIED as moot**.[2]  *See, e.g., Brizuela v. Guilarte Corp*, 2008 WL 11331793, at *1 (S.D. Fla. Oct. 8, 2008) ("The defendant has now received the plaintiffs' amended discovery responses, and the motion to compel is, therefore, denied as moot."); *see also Trahan v. Sandoz Inc.*, 2015 WL 12857088, at *1 (M.D. Fla. Sept. 24, 2015) (denying as moot motion to compel because "[t]o date, Plaintiffs have not requested a reply or made any request to address Defendant's amended responses.").

With that being said, we turn to interrogatories 5 and 13.  Interrogatory 5 requests that Defendant provide certain information for items related to real property:

---

[2]  The parties had a prior disagreement as to request 1, but Defendant withdrew her objection on April 24, 2020 and produced all of the requested income tax returns.  Land Holdings is now in possession of Defendant's federal income tax returns for the years 2012-2018.

6

> Please list each parcel of real Property which You have sold, transferred, gifted away any ownership in interest in any real property since January 1, 2012, if any, please list: (a) the address of parcel;(b) the legal description of the parcel; (c) the size of the parcel; (d) any improvements to the parcel; (e) your percentage of ownership at time of transfer in the parcel; (f) fair market value of the parcel at time of transfer; (g) sales price received (if sold); and (h) any encumbrances or liens including amount placed on the parcel.

[D.E. 22 at 10]. Defendant's objection is aimed solely at subsection (h) because she "lacks knowledge of the information sought and does not have custody, possession or control of any responsive information." [D.E. 25 at 7]. Defendant also claims that – even if she was in possession of the information requested – Land Holdings can acquire the same items via the public record in Miami-Dade County as opposed to requesting them from an 82 year old woman undergoing chemotherapy for cancer.

Defendant's response is well taken because a court "cannot compel a party to provide information or produce documents that it does not have in its possession, custody, or control." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 2014 WL 6473232, at *4 (S.D. Fla. Nov. 18, 2014) (citing *Multi–Tech Sys. v. Dialpad.com, Inc.,* 2001 WL 34624004, at *5 n. 8 (D. Minn. Aug. 28, 2001) ("As we have previously expressed: '[A]s a matter of practical reality, the Court must accept, at face value, a party's representation that it has fully produced all materials that are discoverable. . . . [W]e have no means to test the veracity of such avowals, other than to appropriately sanction a recalcitrant party for failing to responsibly honor its discovery obligations.'")) (quoting *Lumber v. PPG Indus., Inc.,* 168 F.R.D. 641, 643 n. 1 (D. Minn. 1996)); *see also Bank of New York v. Meridien BIAO Bank Tanzania Ltd.,* 171 F.R.D. 135, 152 (S.D.N.Y. 1997) ("Under ordinary circumstances, a party's

good faith averment that the items sought simply do not exist, or are not in his possession, custody or control, should resolve the issue of failure of production.") (quotation marks and citations omitted). If evidence arises at a later date that Defendant's response is a misrepresentation then Land Holdings may seek relief at that time. But, as of now, there is nothing for the Court to compel and therefore Land Holdings's motion to compel as to interrogatory 5 is **DENIED**.[3]

The next issue is interrogatory 13 and it requests information related to Defendant's bank accounts:

> Please identify all accounts [domestic or foreign] held by any banks, savings and loan association, investment firm, credit union, or other financial institution, in which You hold or held any legal, equitable, beneficial or guardianship right or interest during any point since January 1, 2012. You should include in YOUR response: (i) date account was opened; the account number (for each individual account); (ii) the name(s) on the account; and (iii) address of the institution and U.S. dollar amount in each account; (iv) date the account was closed and if funds were transferred; (v) authorized signor(s) on each and every account.

[D.E. 25 at 8-9]. Defendant argues that Land Holdings's motion is misguided because she already agreed to produce her bank statements for the time period requested and that the information sought in subsections (ii) – (v) can be found in these statements. Defendant suggests that the reason Land Holdings is not yet in possession of these items is because of the ongoing pandemic and the unforeseen delays related to shipping the statements. When the statements arrive, Defendant states that she will produce them. Because Defendant agrees to the relief sought

---

[3] We also see no reason why Plaintiff cannot simply acquire the same information in the public record for Miami-Dade County or the county appraiser office.

and there is no dispute between the parties, Land Holdings's motion to compel with respect to interrogatory 13 is **DENIED as moot** but with leave to renew if the statements fail to materialize.

As for the information requested in subsections (i) and (vi) of interrogatory 13, Defendant objects to the production of these items because the date the accounts were opened and the names of the authorized signors are outside the scope of discovery.  Defendant also claims that the information requested is disproportionate to the needs of a post-judgment collection action and that Land Holdings does not need this information to garnish the accounts (assuming that is Land Holdings's intention).  We agree with Defendant because Land Holdings has presented no explanation – let alone a compelling one – on how the information requested is relevant to its collection efforts.  Land Holdings's position is also unavailing because Defendant has agreed to produce her banking records and Land Holdings has not otherwise offered any other reason as to why the discovery requested is relevant.  For these reasons, Land Holdings's motion to compel a better response to interrogatory 13 is **DENIED**.

The final issue is whether Defendant should be compelled to provide a better response to request 4:

> Provide a full and complete list of any and all companies, corporation and/or partnerships, where you are an: owner, officer, member, director and/or shareholder.

[D.E. 22 at 20].  Defendant argues that the information requested is redundant because Defendant has already produced the same items in an amended response to

9

interrogatory 11. Given that Defendant's representation is unrebutted and Land Holdings has failed to show how the items requested in request 4 are any different than interrogatory 11, Land Holdings's motion to compel is **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Land Holdings's motion to compel is **DENIED**.[4]

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of May, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[4] For the reasons already stated, Land Holdings is also not entitled to a fee award under Rule 37. Defendant has amended her responses, cooperated in good faith, and presented compelling arguments – that Land Holdings failed to rebut – on the remaining discovery disputes. Therefore, Land Holdings's motion for fees is **DENIED**.